IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JHOVANNY RIVERA RESENDEIZ, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> CARNICERIA LA ROSITA, INC., and ) <br> LAURA PEREZ, Individually and as, ) <br> Agent, Employee or Servant of ) <br> CARNICERIA LA ROSITA, INC. ) <br> ) <br> Defendants. ) <br> ) | No. 13 C 5427 |

MEMORANDUM OPINION AND ORDER

JAMES F. HOLDERMAN, District Judge:

On July 30, 2013, plaintiff Jhovanny Rivera Resendeiz ("Resendeiz") filed a six-count complaint ("Complaint") (Dkt. No. 1 ("Compl.")) against his former employer, Carniceria La Rosita, Inc. ("Carniceria La Rosita") and its owner, Laura Perez ("Perez") (collectively, "Defendants"). Resendeiz's Complaint alleges both Defendants violated the federal Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.* (Counts I and II), the Illinois Minimum Wage Law ("IMWL"), 820 ILCS 105/1 *et seq.* (Counts III and IV), and the Illinois Wage Payment and Collection Act ("IWPCA"), 820 ILCS 115/1 *et seq.* (Counts V and VI).

On January 22, 2014, after Defendants failed to answer, move, or otherwise respond to Resendeiz's Complaint, this court granted Resendeiz's motion for entry of default against Defendants. (Dkt. No. 12.) On February 6, 2014, at a hearing on Resendeiz's motion for default judgment on liability (Dkt. No. 13), Resendeiz informed the court that Defendants had recently promised to produce records related to Resendeiz's employment with Carniceria La Rosita. The court entered and continued Resendeiz's motion for default judgment and ordered Defendants to

answer, move, or otherwise respond to the Complaint by February 18, 2014. (Dkt. No. 17.) On February 19, 2014, Defendants moved to dismiss Resendeiz's Complaint pursuant to Fed. R. Civ. P. 12(b)(6). (Dkt. No. 20 ("Defs.' Mot.").) The court requested that Resendeiz file a brief in response to Defendants' motion by March 7, 2014, and allowed Defendants until March 21, 2014 to file a reply. (Dkt. No. 22.) Defendants did not file a reply. For the reasons explained below, Defendants' motion to dismiss is denied.

## FACTUAL BACKGROUND

At this stage in the litigation, the court must accept the factual allegations in Resendeiz's Complaint as true and must draw all reasonable inferences in Resendeiz's favor. *Fednav Int'l Ltd.* v. *Cont'l Ins. Co.*, 624 F.3d 834, 837 (7th Cir. 2010). The facts set forth below are therefore stated from that perspective.

From April 2010 through July 2011, Resendeiz worked as a butcher at the Palatine location of Carniceria La Rosita, a grocery store chain with five locations throughout Illinois. (Compl. ¶¶ 4, 6.) Defendant Perez is the owner and operator of Carniceria La Rosita. (*Id.* ¶ 7.) Resendeiz's Complaint alleges that he was at all relevant times an "employee" within the meaning of the FLSA and was not exempt from the FLSA's overtime provisions. (*Id.* ¶ 5.) Although Resendeiz was not aware of his regular rate of pay, he did not agree to a salary or sign any employment contract with Defendants. (*Id.* ¶ 12.) Defendants paid Resendeiz a "fixed gross amount of earnings for all hours worked in a week," but deducted pay when he worked less than his regular schedule. (*Id.* ¶ 14.) Resendeiz's regular schedule routinely exceeded forty hours of work per week. (*Id.* ¶¶ 13, 14.) Defendants, however, often failed to pay Resendeiz *any* wages for his overtime hours and never paid Resendeiz one and one-half times his regular rate of pay, as required by the FLSA. (*Id.* ¶¶ 14, 17.)

Resendeiz alleges Defendants' failure to pay overtime or even minimum wages for his overtime work violated the FLSA (Counts I and II), IMWL (Counts III and IV), and IWPCA (Counts V and VI). Resendeiz further alleges that Defendants failure to comply with federal and Illinois labor laws was knowing and willful. (Compl. ¶ 18.)

## LEGAL STANDARD

Under the Federal Rules of Civil Procedure, a complaint need contain only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp.* v. *Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley* v. *Gibson*, 355 U.S. 41, 47 (1957)). Although "detailed factual allegations" are not required, "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555. The complaint must "include sufficient facts 'to state a claim for relief that is plausible on its face.'" *Cole* v. *Milwaukee Area Tech. Coll. Dist.*, 634 F.3d 901, 903 (7th Cir. 2011) (quoting *Justice* v. *Town of Cicero*, 577 F.3d 768, 771 (7th Cir. 2009)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft* v. *Iqbal*, 556 U.S. 662, 678 (2009). In ruling on a Rule 12(b)(6) motion, the court "construe[s] the . . . [c]omplaint in the light most favorable to Plaintiff, accepting as true all well-pleaded facts and drawing all possible inferences in his favor." *Cole*, 634 F.3d at 903.

## ANALYSIS

Defendants move to dismiss all six counts of the Complaint on the ground that Resendeiz's lawsuit is time-barred. (Defs.' Mot. ¶ 14.) Under 29 U.S.C. § 255(a), any action for unpaid minimum or overtime wages under the FLSA must be filed within two years of the

3

violation, except that an action arising out of a willful violation may be commenced within three years of the violation. Defendants' one-page motion (minus the caption) states, without detail or elaboration, that Defendants' actions were not willful and thus subject to the two-year—not the three-year—statute of limitations set forth in 29 U.S.C. § 255(a). (Defs.' Mot. ¶¶ 4-5, 14.) Defendants also state that Resendeiz's employment with Carniceria La Rosita ended on July 3, 2011.[1] (Defs.' Mot. ¶ 1.) Consequently, because Resendeiz filed this lawsuit on July 30, 2013—27 days after the expiration of the two-year statute of limitations under 29 U.S.C. § 255(a)—Defendants argue that Resendeiz's claims are forever time-barred. (Defs.' Mot. ¶ 14.)

The court does not agree. An employer acts willfully, for purposes of establishing the proper statute of limitations, where the employer knows or shows reckless disregard for whether its actions are unlawful under the FLSA. *Bankston* v. *Illinois*, 60 F.3d 1249, 1253 (7th Cir. 1995) (citing *McLaughlin* v. *Richland Shoe Co.*, 486 U.S. at 128, 133 (1988)). Here, Resendeiz's Complaint alleges Defendants routinely declined to pay Resendeiz any wages, let alone overtime wages, for the hours he worked in excess of forty per week. Resendeiz asserts that Defendants engaged in systematic underpayment for an entire year, and that Defendants failed to keep accurate time records in furtherance of their scheme to skirt federal and state labor laws. (Compl. ¶¶ 15-19.) These facts, which the court must accept as true in ruling on a 12(b)(6) motion, support an inference that Defendants, at a minimum, recklessly disregarded the requirements of the FLSA. Consequently, Resendeiz is entitled to rely on a three-year statute of limitations at the pleading stage of the litigation.

---

[1] Resendeiz's Complaint states only that his employment ended in "approximately July 2011." (Compl. ¶ 4.) If Resendeiz's employment ended on July 30, 2011, a date within "July 2011," his action is timely regardless of whether his Complaint states a claim for a willful violation of the federal and Illinois labor laws.

The only other argument in Defendants' skeletal motion is a factual assertion that Defendants "consistently paid overtime throughout [Resendeiz's] employment." (Defs.' Mot. ¶ 12.) In support of this argument, Defendants provide the following comparison of Resendeiz's hourly wage and the applicable Illinois minimum wage: (i) Resendeiz's starting salary in April 2010 was $8.00 per hour, which Defendants contend was $0.25 above the Illinois minimum wage of $7.75 per hour; (ii) on July 1, 2010, the Illinois minimum wage increased to $8.25 per hour; and (iii) on August 1, 2010, Defendants increased Resendeiz's salary to $8.25 per hour. (*Id.* ¶¶ 7-10.) Defendants' argument is legally incorrect—the Illinois minimum wage in April 2010 was $8.00 per hour, not $7.75—and strategically questionable, since Defendants candidly admit that they violated the IMWL (Counts III and IV) by paying Resendeiz $0.25 per hour below the minimum wage in July 2010. *See* 820 ILCS 105/4(a)(1) (reporting applicable minimum wage between 1984 and 2014).

As further evidence of overtime pay, Defendants attach to their motion a "Detail Employee Report," which purports to be a record of Resendeiz's hours and wages between April 4, 2010 and July 3, 2011. (Dkt. No. 20-2.) Defendants decline to provide any information regarding the source or purpose of the "Detail Employee Report." If the court were permitted to consider documents outside of the pleadings, additional information would be critical: nothing in the attached printout shows that Defendants *actually paid* Resendeiz any minimum or overtime wages. Defendants' conspicuous omission is of no consequence at the motion to dismiss stage, however, because the court must accept as true Resendeiz's allegation that he was routinely unpaid or underpaid for his overtime hours. *See Cole*, 634 F.3d at 903. Resendeiz's response, which includes a June 2010 paystub purportedly showing that Defendants did not pay Resendeiz for 13.4 overtime hours reflected on the "Detail Employee Report," (Dkt. No. 23 at 3, Ex. A),

illustrates why factual disputes cannot be resolved at the motion to dismiss stage.

Accordingly, because Resendeiz's claims that Defendants willfully violated federal and Illinois labor laws are not time-barred, and because Defendants' motion to dismiss raises no other arguments the court may consider at the motion to dismiss stage, Defendants' motion to dismiss is denied.

## CONCLUSION

For the reasons explained in this memorandum opinion, Defendants' "Motion to Dismiss Pursuant to Federal Rule 12(b)(6)" (Dkt. No. 20) is denied. All six counts alleged against defendants Carniceria La Rosita and Laura Perez remain pending. Defendants' answer to plaintiff Jhovanny Rivera Resendeiz's Complaint (Dkt. No. 1) is due on or before 4/17/14. Counsel for the parties are requested to meet and confer pursuant to Rule 26(f). Counsel are also requested to file jointly a Form 52 on or before 4/25/14. This case is set for a report on status and entry of a scheduling order on 4/29/14 at 9:00 a.m. The parties are strongly encouraged to discuss settlement.

ENTER:

_____
JAMES F. HOLDERMAN
District Judge, United States District Court

Date: April 3, 2014